IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

        Plaintiff,                        No. CIV S-07-1399 MCE DAD P

    vs.

T. FELKER, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion for an emergency preliminary injunction in which he seeks an order requiring defendants to house him in a single cell, return his personal property and transfer him to the California Medical Facility (CMF).

        The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. See University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a moving party who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir.1987). See also Coalition

1

for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Arcamuzi, 819 F.2d at 937; Oakland Tribune, 762 F.2d at 1376.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id. Moreover, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Arcamuzi, 819 F.2d at 937.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."  Id.

Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.")  The court has recently issued an order dismissing plaintiff's complaint and granting him leave to amend.  The court has not authorized service of the complaint.  Accordingly, at this juncture, plaintiff's motion for preliminary injunctive relief is premature.[1]

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's December 12, 2007 motion for an emergency preliminary injunction be denied without prejudice.

---

[1] Plaintiff may file another motion for preliminary injunctive relief if appropriate. Plaintiff is also cautioned that if he moves for preliminary injunctive relief before any defendants are served with process in this case, such a motion will be denied as premature.  In addition, plaintiff is advised that it is well-established that inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).

1	These findings and recommendations are submitted to the United States District
2	Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
3	days after being served with these findings and recommendations, plaintiff may file written
4	objections with the court. The document should be captioned "Objections to Magistrate Judge's
5	Findings and Recommendations." Plaintiff is advised that failure to file objections within the
6	specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
7	F.2d 1153 (9th Cir. 1991).
8	DATED: March 7, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
thom1399.48